| | |
|---|---|
| 1 | Robert P. Feldman (Bar No. 69602) |
|   | bobfeldman@quinnemanuel.com |
| 2 | Linda J. Brewer (Bar No. 217730) |
|   | lindabrewer@quinnemanuel.com |
| 3 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|   | 555 Twin Dolphin Drive, 5th Floor |
| 4 | Redwood Shores, CA  94065 |
|   | Telephone: (650) 801-5000 |
| 5 | Facsimile: (650) 801-5100 |

Frederick A. Lorig (Bar No. 57645)
fredericklorig@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*ATTORNEYS FOR PLAINTIFF*
*INTERTRUST TECHNOLOGIES CORPORATION*
*IN CASE NO. C 13-1235 YGR*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERTRUST TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION, a Washington corporation,<br><br>Defendant. | CASE NO. C 01-1640 SBA (MEJ)<br><br>Consolidated with:<br>CASE NO. C 02-0647 SBA (MEJ)<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>**(CIVIL L.R. 3-12, 7-11)** |
| INTERTRUST TECHNOLOGIES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC, a California corporation,<br><br>Defendant. | CASE NO. C 13-1235 YGR |

ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO.:  C 01-1640 SBA (MEJ)

1     Plaintiff Intertrust Technologies Corporation ("Intertrust") hereby submits this administrative motion to consider whether cases should be related pursuant to Civil Local Rules 3-12 and 7-11.

On March 20, 2013, pursuant to Civil Local Rule 7-11(a), in-house counsel for plaintiff Intertrust asked in-house counsel for Apple Inc. ("Apple") for Apple's position to Intertrust's proposed motion to transfer this case to Judge Armstrong under Civil Local Rule 7-12 ("this motion").  Judge Armstrong presided over an earlier, related case against Microsoft where Intertrust and the same patent specifications were at issue, discussed in detail below.  After considering Intertrust's request for two weeks, including being provided with a copy of this motion, Apple has been unwilling to join this motion or to stipulate to Intertrust's requested relief.  Despite Intertrust's sincere efforts to engage in a meaningful meet-and-confer with Apple, Apple has not provided any rationale for its refusal to join this motion or to stipulate to the requested relief.  *See* Declaration of Linda J. Brewer ¶ 2, submitted herewith.  Intertrust has determined that the parties are at an impasse and, in accordance with the express mandate in Local Rule 3-12 that motions to relate be promptly filed, hereby submits this motion for the Court's consideration.

## I.     THE STANDARD FOR DETERMINING WHETHER CASES SHOULD BE RELATED.

"Whenever a party knows or believes that an action may be related to an action which is or was pending in the Northern District of California as defined in Civil Local Rule 3-12(a), the party must promptly file an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil Local Rule 7-11."  Civ. L.R. 3-12(b).  The newly filed action, namely, *Intertrust Technologies Corp. v. Apple Inc.*, Case No. C 13-1235 YGR (the "Apple Action"), is related to an action which was pending in this Court because it involves the same plaintiff and the same patents, or continuations thereof, previously asserted in *Intertrust Technologies Corp. v. Microsoft Corp.*, Case No. C 01-1640 SBA ("the Microsoft Action").  This motion is being filed at the commencement of the Apple Action because of the "promptly file" requirement of Civil Local Rule 3-12(b).

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). That is the situation here because substantially the same technology, patent specifications, and claim interpretation issues that were addressed in the Microsoft Action will also need to be addressed in the Apple Action. Consequently, under Civil Local Rule 3-12(a)(2), there will be an unduly burdensome duplication of labor and expense and the potential for conflicting results should the Apple Action be heard by a judge other than the Honorable Saundra B. Armstrong, who has already construed and interpreted claim terms at issue in the two actions, and ruled on certain dispositive motions. *See* Civ. L.R. 3-12(a)(2); *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), reversed on other grounds by *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999), (no abuse of discretion where case transferred to district where particular judge was familiar with issues from previous case); *Szegedy v. Keystone Food Prods., Inc.*, 2009 U.S. Dist. LEXIS 83444, at *17 (C.D. Cal. Aug. 26, 2009) (transferring case because judge in transferee district had previous experience with the factual allegations and claims).

## II. THIS CASE SHOULD BE ASSIGNED TO JUDGE ARMSTRONG BECAUSE IT INVOLVES SUBSTANTIALLY THE SAME ISSUES THAT THE COURT ADDRESSED IN THE EARLIER-FILED MICROSOFT ACTION.

The Apple Action is related to the earlier-filed Microsoft Action, such that it should be before the same District Court Judge that presided over the earlier filed case, namely, the Honorable Saundra B. Armstrong. Copies of the complaints filed in the Apple Action and Microsoft Action are attached as Exhibits 1 and 2, respectively, to the accompanying Declaration of Linda J. Brewer (the "Brewer Decl.").

Under Civil Local Rule 3-12(a)(1), the Apple Action is substantially related to the Microsoft Action because both cases were filed by the same plaintiff, Intertrust, and ten of the patents at issue in the Apple Action were also asserted in the earlier-filed Microsoft Action. The remaining asserted patents in the Apple Action are later continuations with the same specifications

1  as the patents previously before Judge Armstrong in the Microsoft Action.  *See* Civ. L.R. 3-
2  12(a)(1).  In the Microsoft Action, Judge Armstrong issued a claim construction order that
3  construed claim terms from patents that are also in the Apple Action.  *See Intertrust Technologies*
4  *Corp. v. Microsoft Corp.*, Case No. C 01-1640 SBA, Dkt. No. 229 at 19-55; *see also* Brewer
5  Decl., Ex. 3 (same).  Moreover, the patents in the Apple Action that were not before Judge
6  Armstrong include claim terms that were construed in her order.  Accordingly, the claim
7  construction issues that will likely need to be resolved in the Apple Action will substantially
8  overlap with those that were already decided by Judge Armstrong in the Microsoft Action.
9       Intertrust also believes that the same issues raised in dispositive motions in the Microsoft
10 Action already decided by Judge Armstrong are likely to be litigated in the Apple Action.  *See,*
11 *e.g.*, *Intertrust Technologies Corp. v. Microsoft Corp.*, Case No. C 01-1640 SBA, Dkt. No. 229 at
12 10-18 (denying Microsoft's Motion for Summary Judgment that Certain "Mini-*Markman*" Claims
13 Are Invalid for Indefiniteness); Brewer Decl., Ex. 3 (same).  As a result, the Apple Action will
14 require determination of substantially the same questions of fact and law.
15      Moreover, under Civil Local Rule 3-12(a)(2), there will be an unduly burdensome
16 duplication of labor and expense and the potential for conflicting results should the Apple Action
17 be heard by a judge other than Judge Armstrong.  *See* Civ. L.R. 3-12(a)(2).  In the Microsoft
18 Action, Judge Armstrong invested considerable time and energy familiarizing herself with the
19 technology, patents, and the patent claims, and issued a published *Markman* order construing
20 claim terms that will be at issue in the Apple Action as well as a published ruling on a motion for
21 summary judgment.  If the Court and parties proceed without the benefit of that experience, they
22 will spend unnecessary time, labor, and money for a new judge to learn the technology, patents,
23 and legal history from scratch before the parties and Court begin to address the issues in dispute.
24 In addition, to prevent inconsistent and potentially conflicting rulings, it would be in the interests
25 of judicial efficiency to have the same judge handle both cases.  *See Cisco Systems, Inc. v. TiVo,*
26 *Inc.*, 2012 WL 3279532, at *6-7 (N.D. Cal. Aug. 10, 2012) (interest of justice weighs heavily in
27 favor of transferring case to Court that had presided over case interpreting the same patent claims).
28

3
ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO.:  C 01-1640 SBA (MEJ)

1    Accordingly, the Apple Action meets the criteria specified by Civil Local Rule 3-12 as
related to the Microsoft Action and should be assigned to Judge Armstrong.

### III.    CONCLUSION

For the foregoing reasons, Intertrust respectfully requests that the Court order the Apple Action related to the Microsoft Action under Civil Local Rule 3-12 and assign the Apple Action to Judge Armstrong.

DATED:  April 3, 2013

Respectfully submitted,

By: /s/Linda J. Brewer
Robert P. Feldman
Linda J. Brewer
Frederick A. Lorig
QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Attorneys for Plaintiff Intertrust Technologies Corp.*

4
ADMINISTRATIVE MOTION TO RELATE CASES
CASE NO.:  C 01-1640 SBA (MEJ)